ing the lifetime of her husband, which acquaintanceship continued during 1918. She received no salary. The entire amount of $3,600 paid as salary by the corporation was paid to Elliott. Capital was not a material income-producing factor.

DECISION.

The determination of the Commissioner is approved.

OPINION.

TRAMMELL: The taxpayer contends that it was a personal service corporation and as such was exempt from tax under the provisions of section 231 (14) of the Revenue Act of 1918.

It is the contention of the Commissioner that the income is not to be ascribed primarily to the activities of the principal owners or stockholders who were themselves regularly engaged in the active conduct of the affairs of the corporation.

The first statutory provision to be met, in order to entitle the corporation to classification as a personal service corporation, is that the income must be ascribed primarily to the activities of the principal stockholders. Mary F. Cotter was vice president and a director and an owner of at least 40 per cent of the stock of the corporation. She attended the directors' meetings, which were held about once a year. She kept herself informed as to the activities of the corporation by reading statements and reports sent to her at her home by Elliott. She occasionally had personal conferences with Elliott at the office, but more usually at her home. She had an acquaintance with the customers during the lifetime of her husband and continued the acquaintance during the year involved. The income, however, was not attributable primarily to any services she rendered the corporation. She was not regularly engaged in the active conduct of the affairs of the corporation. The foregoing facts preclude the taxpayer from exemption as a personal service corporation, and it is not necessary to decide whether Elliott was the owner of the stock referred to in the contract of sale between him and Mary F. Cotter.

---

**Appeal of CROWN MARGARIN CO.**          **Docket No. 2090.**

Submitted April 13, 1925; decided May 6, 1925.

*Martin Husman*, president of the taxpayer corporation, for the taxpayer.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before TRAMMELL, LOVE, and PHILLIPS.

The taxpayer appeals from a deficiency of $3,030.65 asserted by the Commissioner for income and profits taxes for the fiscal years ending January 31, 1920, and January 31, 1921, and alleges in its petition that the Commissioner erred in refusing to allow the taxpayer obsolescence on account of its machinery. At the hearing the

taxpayer also contended that, if obsolescence were not allowed, it was entitled to additional depreciation on such machinery. From the testimony the Board makes the following

### FINDINGS OF FACT.

The taxpayer is an Illinois corporation with its principal office in the City of St. Louis, Missouri. In 1917 it started the manufacture of butter and margarine and continued such business until 1924, when it discontinued the manufacture of margarine. During the years in question in this appeal, the taxpayer replaced certain of its machinery with new and improved machinery performing the same service. The Commissioner allowed deductions on account of obsolescence on the machinery replaced and for depreciation on the machinery account of the taxpayer at the rate of 10 per cent.

Early in the year 1921, but subsequent to the close of the fiscal year ending January 31, 1921, the margarine business began to show a loss. At first this was considered only a temporary condition, but it continued and the taxpayer was forced to discontinue its margarine business in 1924. This was true of others engaged in the same business. The result was that it was necessary in 1924 to scrap the machinery used in this business. This was subsequently sold for a very nominal sum.

There were no conditions in the business during the taxable years in question which indicated that it would be necessary to discontinue the margarine business.

### DECISION.

The determination of the Commissioner is approved.

---

**Appeal of ROTH HOTEL CO.**      **Docket No. 542.**

Submitted April 13, 1925; decided May 6, 1925.

*Samuel G. Ordway, Esq.*, for the taxpayer.

*A. Calder Mackay, Esq.*, for the Commissioner.

Before GRAUPNER, LITTLETON, and GREEN.

This is an appeal from a deficiency in income and excess-profits taxes for the fiscal years May 1, 1919, to April 30, 1920, and May 1, 1920, to April 30, 1921, in the total sum of $6,561.79.

There are in the appeal only two issues; first, the value, if any, for the purpose of computing invested capital, to be assigned to a certain leasehold acquired by the taxpayer in exchange for stock; and second, the right of the taxpayer to amortize the value of said leasehold and deduct annually the aliquot part thereof.

### FINDINGS OF FACT.

In the early part of the year 1908 certain public-spirited citizens of the City of St. Paul, Minnesota, decided that that city was in serious need of a first-class hotel. These citizens, with funds raised